IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICARDO A. COMEGER, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 14-658-RGA |
| CPL KYLE JONES, | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

At Wilmington this __7__ day of September, 2018;

1. Defendant filed a motion to dismiss on October 16, 2017. (*See* D.I. 47). When Plaintiff failed to timely file a response, an order was entered for Plaintiff to file an answering brief to Defendant's motion on or before November 22, 2017. (*See* D.I. 49). Plaintiff failed to file a response. On August 13, 2018, the Court entered an order for Plaintiff to show cause, on or before September 4, 2018, why this case should not be dismissed for failure to prosecute, pursuant to D. Del. LR 41.1. (*See* D.I. 51). Plaintiff did not respond to the show cause order.

2. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

1

3. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

3. Several factors warrant the sanction of dismissal including Plaintiff's failure to respond to the motion to dismiss and Plaintiff's failure to prosecute the case. Plaintiff has a history of dilatoriness. I have three times dismissed the case for failure to comply with various orders (D.I. 8, 18, 28), although I have also reinstituted the case after further action by Plaintiff. Plaintiff is personally responsible for the failures, as he is pro se. There are no other meaningful sanctions that can be imposed on an indigent inmate. The only thing Plaintiff has going for him is that I thought his complaint stated a case. (D.I. 1, 45 (answers to interrogatories)). But the overall balances requires that I exercise my discretion and dismiss Plaintiff's case.

THEREFORE, it is ordered that:

1. Defendant's motion to dismiss is **DISMISSED** as moot. (D.I. 47).

2. The Complaint is **DISMISSED** without prejudice for Plaintiff's failure to prosecute this case.

3. The Clerk of Court is directed to **CLOSE** the case.

_____
UNITED STATES DISTRICT JUDGE